UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIKIA WEBSTER,

    Plaintiff,

v.                                                                                    Case No: 8:17-cv-1063-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Nikia Webster, seeks judicial review of the denial of her claim for a period of disability and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### **A.    Procedural Background**

Plaintiff filed an application for disability insurance benefits on September 17, 2013. (Tr. 102.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 102, 120.) Plaintiff then requested an administrative hearing. (Tr. 141.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 39–83.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 23–32.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1992, claimed disability beginning on January 1, 2009. (Tr. 178.) Plaintiff has a limited education. (Tr. 198.) Plaintiff has no past relevant work experience. (Tr. 197.) Plaintiff alleged disability due to bipolar disorder, psoriatic arthritis, allergies, and asthma. (*Id*.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since September 17, 2013, the application date. (Tr. 25.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: psoriatic arthritis, depression, and intellectual disability. (*Id*.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a restricted range of light work. (Tr. 27.) Specifically, the ALJ that Plaintiff is able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently. (*Id*.) Plaintiff can stand and/or walk for two hours in an eight-hour workday and sit for six hours in an eight-hour workday, with an option to stand and stretch for five minutes every hour. (*Id*.) Plaintiff is able to occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. (*Id*.) Plaintiff can frequently kneel, stoop, crouch, and crawl, as well as handle and finger bilaterally. (Tr. 28.) Plaintiff is able to understand, remember, and carry out simple instructions, interact appropriately with supervisors, but only occasionally with co-workers and the general public. (*Id*.) Further, Plaintiff can maintain attention and concentration for two hours at a time and adapt to routine changes in the workplace. (*Id*.)

In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 30.)

As noted, the ALJ determined that Plaintiff did not have any past relevant work. (Tr. 31.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a bench assembler, surveillance system monitor, and small products assembler. (*Id.*) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 32.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining

whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to address the opinion of state agency medical consultants; and (2) the ALJ erred in accepting testimony from the VE regarding the number of jobs available to Plaintiff. For the reasons that follow, neither of these contentions warrant reversal.

A.  **Medical Opinions**

Plaintiff challenges the ALJ's decision on the grounds that the ALJ erred by failing to address the opinion of state agency psychological consultants Dr. Robert Schilling and Dr. Madelyn Miranda-DeCollibus. (Dkt. 20 at 6.) Specifically, Plaintiff argues that the ALJ gave great weight to the physicians' opinions but did not address their opinions regarding Plaintiff's limitations in persistence and pace. (*Id.*)

Under the Social Security Administration regulations, an ALJ must consider medical opinions which are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity" of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, the claimant's ability to perform despite impairments, and the claimant's physical or mental restrictions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (internal quotation and citation omitted); 20 C.F.R. § 404.1527(a)(1). Likewise, an ALJ must consider the opinions of non-examining physicians, including state agency consultants. 20 C.F.R. § 404.1527; *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 873 (11th Cir. 2011).

In determining the weight to accord a non-examining physician's opinion, the ALJ considers factors such as the examining or treating relationship, whether the opinion is well-supported, whether the opinion is consistent with the record, and the physician's specialization. *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 689 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Generally, the opinions of a non-treating or non-examining physician are given less weight than those of examining or treating physicians and, standing alone, do not constitute substantial evidence. *Poellnitz v. Astrue*, 349 F. App'x 500, 502 (11th Cir. 2009). An ALJ may nevertheless give great weight to the opinion of a state agency consulting physician when it is consistent with the record as a whole and supported by clinical findings, as those consultants are considered experts in the Social Security disability evaluation process. *See Stone v. Comm'r of Soc. Sec.*, 586 F. App'x 505, 513 (11th Cir. 2014). Importantly, while all medical opinions must be considered, the decision concerning whether a claimant is disabled, unable to work, her RFC, and the application of vocational factors, are reserved for the Commissioner. 20 C.F.R. § 404.1527; *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877–78 (11th Cir. 2013); *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986); *Adamo v. Comm'r of Soc. Sec.*, 365 F. App'x 209, 212 (11th Cir. 2010).

Here, state agency psychological consultants Dr. Schilling and Dr. Miranda-DeCollibus reviewed Plaintiff's medical records and evaluated Plaintiff's sustained concentration and persistence capacities. (Tr. 98, 116.) Both Dr. Schilling and Dr. Miranda-DeCollibus found that Plaintiff "can sustain concentration, persistence and pace for very short and simple tasks and be able to maintain attention/concentration for 2-hour segments." (*Id*.) They further opined that Plaintiff can perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, and has the ability to sustain an ordinary routine without special supervision.

(*Id.*)  The consulting physicians found that Plaintiff will experience mild/moderate difficulties completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.  (*Id.*)  However, the physicians concluded that Plaintiff is able to maintain the ability to work in coordination with others without being distracted by them and to make simple work-related decisions.  (*Id.*)

The ALJ afforded Dr. Schilling and Dr. Miranda-DeCollibus' opinions great weight.  (Tr. 29.)  The ALJ specifically addressed the physicians' opinions that Plaintiff is able to understand and remember simple instructions, sustain concentration, persistence and pace for short and simple tasks, maintain attention and concentration for two-hour segments, and perform simple, routine, repetitive tasks with limited social contact.  (*Id.*)  The ALJ reasoned that Dr. Schilling and Dr. Miranda-DeCollibus are licensed psychologists familiar with the evidentiary requirements of the Social Security Regulations.  (*Id.*)  He also concluded that their assessments of Plaintiff are consistent with the largely normal mental status findings in Plaintiff's medical records.  (*Id.*)

Plaintiff argues that the ALJ ignored the physicians' opinions regarding Plaintiff's limitations in pace and that the implication from the opinions is that Plaintiff may have difficulty with jobs requiring pace work or productions quotas.  (Dkt. 20 at 6.)  In response, the Commissioner contends that the ALJ reasonably interpreted the opinions.  (Dkt. 23 at 5.)  The Court agrees.  Neither physician stated that Plaintiff could not perform work that required maintaining any level of pace or meeting production quotas.  Further, both physicians stated that Plaintiff can sustain pace for very short and simple tasks.  (Tr. 98, 116.)  The ALJ explicitly addressed this opinion and limited Plaintiff to performing light work with simple instructions while maintaining attention and concentration for two hours at a time.  Thus, the ALJ properly considered

the opinions of the consulting physicians in accordance with 20 C.F.R. § 404.1527, and Plaintiff's contention does not warrant reversal.

**B.     Testimony of the VE**

Plaintiff also challenges the ALJ's decision on the grounds that the ALJ erred in relying on the VE's testimony. (Dkt. 20 at 7.) Plaintiff alleges that the testimony from the VE was not supported by substantial evidence. (*Id*.) Specifically, Plaintiff contends that the VE's testimony was unreliable regarding the number of existing jobs in the national economy that someone with Plaintiff's limitations can perform. (*Id*. at 8–10.)

During the hearing, the VE testified that an individual with Plaintiff's RFC would be able to perform work as a bench assembler, surveillance system monitor, and small products assembler. (Tr. 71–73.) The VE testified that there are approximately 1,648,000 bench assembler jobs, 724,000 surveillance system monitor jobs, and 2,150,000 small products assembler jobs in the national economy. (*Id*.) The VE specified that he based his opinions on his experience and practice surveying employers. (Tr. 77–78.)

Plaintiff argues that the number of bench assembler, surveillance system monitor, and small products assembler jobs the VE identified is implausible and unreliable. (Dkt. 20 at 8–10.) Plaintiff relies on the specific occupational classification number ("SOC") compiled by the Bureau of Labor Statistics. (*Id*.) According to Plaintiff, the SOC group may contain one or many of the occupations listed in the Dictionary of Occupational Titles ("DOT"). (*Id*.) Plaintiff contends that each of the DOT occupations identified by the VE is a subcategory within a broader SOC category of occupations, and the SOC category may contain multiple DOT occupations. (Dkt. 20 at 8.) For example, the jobs of a bench assembler and small products assembler, DOT numbers 706.684-022 and 739.687-030, are subcategories within the SOC category 51-9199, but there are 1,590 DOT

occupations within SOC category 51-9199. (*Id.*) Plaintiff contends that according to the Bureau of Labor Statistics, there are 251,670 jobs within SOC category 51-9199, and, therefore, the VE's testimony is inaccurate. (*Id.*) Plaintiff makes a similar argument regarding the job of surveillance system monitor, DOT number 379.367-010. (*Id.* at 9.) Plaintiff also asserts that "merely because an occupation involves monitoring surveillance system equipment" does not make the job a surveillance system monitor under DOT number 379.367-010 as the occupation may require other tasks such as screening visitors. (*Id.* at 9–10.) In short, Plaintiff asserts that there could not possibly be as many jobs in the national economy for each of the occupations identified by the VE. (*Id.* 8–10.)

When the ALJ determines that a claimant cannot perform past relevant work, then the Commissioner must produce evidence that claimant is able to do other jobs existing in significant numbers in the national economy given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). The burden then shifts to the claimant to show that the claimant "is unable to perform the jobs that the Commissioner lists." *Doughty v. Apfel*, 245 F.3d 1274, 1278, n.2 (11th Cir. 2001). "[T]he Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). The ALJ must "introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform." *Wilson*, 284 F.3d at 1227. "In order for a VE testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Jones*, 190 F.3d at 1229.

Further, the ALJ must articulate specific jobs that exist in national economy that a claimant can perform. *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Work exists in the national

economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country. 20 C.F.R. § 404.1566(a). The Eleventh Circuit "has never held that a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant numbers' under the statute and regulations." *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015).

Plaintiff does not argue that there are not a significant number of jobs that Plaintiff is able to perform, but rather that the number of jobs in the national economy identified by the VE was inaccurate. As is evident from the testimony, the VE opined that there is other work in significant numbers that a person with Plaintiff's RFC could perform. (Tr. 71–78.) Although Plaintiff takes issue with the number of jobs the VE identified, her argument is not supported by the applicable law or evidence in the record. "The Social Security regulations provide that an ALJ may rely on a VE's knowledge and expertise, and they do not require a VE produce detailed reports or statistics in support of her testimony." *Bryant v. Commissioner of Social Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012); *see also Curcio v. Commissioner of Social Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010) ("[T]he Social Security regulations clearly allow that the Commissioner may rely on a VE for her knowledge or expertise."). Here, the VE testified as to specific jobs, noted that there were over thousands of jobs for each of the three identified types of occupations, and acknowledged that his testimony was based on his experience. (Tr. 71–78.) At the hearing, Plaintiff did not object to the VE's testimony or qualifications. *Leigh v. Comm'r of Soc. Sec.*, 496 F. App'x 973, 975 (11th Cir. 2012); *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795–96 (11th Cir. 2011). Thus, the VE's testimony is substantial evidence as it is relevant evidence that a reasonable person would accept as adequate to support the conclusion that there is work available in significant numbers in

the national economy that Plaintiff is able to perform. *See Curcio*, 386 F. App'x at 926; *see also Jones*, 190 F.3d at 1230 (holding that an ALJ may rely solely on the testimony of the VE).

The Court further notes that Plaintiff does not argue that the ALJ did not include Plaintiff's limitations within the hypothetical to the VE. During the hearing, the ALJ included all of Plaintiff's RFC limitations in the hypothetical. (Tr. 71–73.) The ALJ relied on this testimony in determining the jobs Plaintiff is able to perform. (Tr. 31.) Thus, Plaintiff's contention does not warrant reversal. *See Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 662 (11th Cir. 2007) ("even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert."); *Hobbs v. Colvin*, No. 8:13-CV-3233-T-24, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015) (finding the "ALJ was permitted to base his findings about [jobs the plaintiff is able to perform] on the VE's testimony").

Last, Plaintiff makes a passing reference to the reasoning level and communication required of a surveillance system monitor. (Dkt. 20 at 9.) Plaintiff offers no arguments concerning how this issue pertains to her issues on appeal. As such, to the extent Plaintiff is attempting to challenge the ALJ's determination that Plaintiff is capable of performing the job of a surveillance system monitor, Plaintiff's statement is insufficient to raise this issue for appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to

make arguments and cite authorities in support of an issue waives it.").

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on June 27, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record